# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-1372SI

———————

Planned Parenthood of Greater Iowa,  &ast;
Inc.; Sue Haskell, D.O.; and Paula  &ast;
R. Mahone, M.D., on behalf of  &ast;
themselves and their patients,  &ast;
&ast;
  Appellees,  &ast;
&ast;
  v.  &ast;
&ast;
Thomas Miller, Attorney General  &ast;
of the State of Iowa, in his official  &ast;
capacity,  &ast;
&ast;
  Appellant,  &ast; On Appeal from the United
&ast; States District Court
---------------------------  &ast; for the Southern District
&ast; of Iowa.
Jennifer Niebyl, M.D.; Noelle C.  &ast;
Bowdler, M.D.; Sonya Erickson, M.D.;  &ast;
Susan Johnson, M.D.; Ann Laros, M.D.;  &ast;
Ambre Olsen, M.D.; Ingrid Nygaard,  &ast;
M.D.; Joel I. Sorosky, M.D.; Craig  &ast;
Syrop, M.D.; Bradley J. Van Voorhis,  &ast;
M.D.; Robert Kretzschmar, M.D.;  &ast;
Veronika E.B. Kolder, M.D.; and  &ast;
Emma Goldman Clinic for Women,  &ast;
Inc., on behalf of its patients, its staff  &ast;
and itself,  &ast;
&ast;
  Appellees,  &ast;
&ast;

v.                                        *
                                          *
                                          *
Thomas Miller, Attorney General of        *
the State of Iowa, in his official        *
capacity,                                 *
                                          *
                                          *
          Appellant,                      *
                                          *
---------------------------               *
                                          *
American College of Obstetricians         *
and Gynecologists,                        *
                                          *
     Amicus on Behalf of Appellees.       *

_____

Submitted: July 1, 1999
Filed:    September 24, 1999
_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, Circuit Judge, and
     MAGNUSON,[1] District Judge.
_____

RICHARD S. ARNOLD, Circuit Judge.

The State of Iowa appeals a District Court[2] decision holding an Iowa act banning "partial-birth abortion" unconstitutional. The Court granted summary judgment in favor

[1]The Hon. Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[2]The Hon. Robert W. Pratt, United States District Judge for the Southern District of Iowa.

of the plaintiffs and permanently enjoined enforcement of the Act. We recently considered the constitutionality of "partial-birth abortion" bans enacted in Nebraska and Arkansas, and held both statutes unconstitutional. See Carhart v. Stenberg, ___ F.3d ___, Nos. 98-3245, 98-3300 (8th Cir. Aug. __, 1999); Little Rock Family Planning Services, P.A. v. Jegley, ___ F.3d ___, No. 99-1004 (8th Cir. Aug. __, 1999). The law which guided those decisions applies here as well, and leads us to the same result. For the following reasons, we affirm the judgment of the District Court.

We consider here only whether the Act banning the "partial-birth abortion" procedure prohibits, by its plain language, other abortion procedures as well, creating an unconstitutional undue burden on women seeking pre-viability abortions. The Act prohibits "partial-birth abortion," a term commonly understood to refer to a procedure called a dilation and extraction (D&X), also sometimes called an intact dilation and extraction (intact D&X), or an intact dilation and evacuation (intact D&E). The most commonly used definition of the D&X procedure comes from the American College of Obstetricians and Gynecologists (ACOG):

> deliberate dilatation of the cervix, usually over a sequence of days; instrumental conversion of the fetus to a footling breech; breech extraction of the body excepting the head; and partial evacuation of the intracranial contents of a living fetus to effect vaginal delivery of a dead but otherwise intact fetus.

ACOG Statement of Policy: Statement on Intact Dilatation and Extraction, Jan. 12, 1997. This procedure would be prohibited under the Iowa Act. Other abortion procedures would be prohibited as well, however, and this is the problem. By prohibiting the most commonly used method for second-trimester abortions, the dilation and evacuation procedure (D&E), as well as, in some circumstances, the suction-curettage procedure, the Act places an undue burden on women seeking abortions. Under the applicable Supreme Court precedents, it is our duty to declare invalid a law which creates such an undue burden.

# I.

Iowa's "partial-birth abortion" ban act provides:

> A person shall not knowingly perform or attempt to perform a partial-birth
> abortion. This prohibition shall not apply to a partial-birth abortion that
> is necessary to save the life of the mother whose life is endangered by a
> physical disorder, physical illness, or physical injury.

Iowa Code Ann. § 707.8A(2) (1999). The Act also includes the following definitions:

> (c) "Partial-birth abortion" means an abortion in which a person partially
> vaginally delivers a living fetus before killing the fetus and completing the
> delivery.
>
> (d) "Vaginally delivers a living fetus before killing the fetus" means
> deliberately and intentionally delivering into the vagina a living fetus or
> a substantial portion of a living fetus for the purpose of performing a
> procedure the person knows will kill the fetus, and then killing the fetus.

Iowa Code Ann. § 707.8A(1). A physician who performs a "partial-birth abortion" is
guilty of a class "C" felony. See id. § 707.8A(5). The physician may also be subject
to civil penalties. See id. § 707.8A(4).

The District Court held the Act unconstitutional because it was vague; because
it imposed an undue burden on women seeking abortions; and because it failed to
provide an adequate health exception for pregnant women. We agree that the Act
creates an undue burden and therefore hold the Act unconstitutional. Because we base

-4-

our holding on undue-burden grounds, we do not reach the vagueness issue. Nor do we decide whether the Act fails to provide an adequate health exception.

## II.

A state may not enact a law which places an undue burden on a woman's decision whether to have an abortion of a nonviable fetus. See Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 877 (1992). The District Court held Iowa's "partial-birth abortion" ban act unconstitutional because, by prohibiting the D&E and suction-curettage procedures, it created an undue burden on women's right to choose. We review the District Court's conclusions of law de novo. See Planned Parenthood of Greater Iowa v. Atchison, 126 F.3d 1042, 1048 (8th Cir. 1997).

The suction-curettage and D&E procedures are two of the most commonly used abortion procedures. If the Act's scope is broad enough to cover these procedures, an undue burden is created for women seeking pre-viability abortions. See Carhart, ___ F.3d ___, slip op. at 16. The Act prohibits "deliberately and intentionally delivering into the vagina a living fetus or a substantial portion of a living fetus for the purpose of performing a procedure the person knows will kill the fetus, and then killing the fetus." Iowa Code Ann. § 707.8A(1)(d) (1999). The Act's language is almost identical to the language of the Nebraska statute held unconstitutional in Carhart. The problem with the Nebraska statute was the term "substantial portion." See id. at ___, slip op. at 15. That language effectively barred the D&E procedure, as well as the D&X procedure, because a substantial portion of a living fetus – such as an arm or a leg – is brought into the vagina as part of the D&E procedure. See id. The same reasoning applies to the Iowa Act. By barring a procedure which involves bringing a "substantial portion" of a living fetus into the vagina, for the purpose of killing the fetus, the Act bars more than just the D&X procedure. See id. at ___, slip op. at 15-16. It bars the D&E procedure, and, in some circumstances, the suction-curettage procedure as well. See Little Rock Family Planning, ___ F.3d at ___, slip op. at 8-10.

-5-

The State argues that the Act's knowledge and intent requirements limit the scope of the Act. The same argument was made, unsuccessfully, in both Carhart and Little Rock Family Planning. See Carhart, ___ F.3d at ___, slip op. at 15-16; Little Rock Family Planning, ___ F.3d at ___, slip op. at 10. The argument fares no better here. In a D&E procedure, and in some suction-curettage procedures, the physician intends to bring part of a living fetus out of the uterus into the vagina. This is specifically prohibited by the Act. The physician does not have to intend to perform a "partial-birth abortion," as that phrase has been popularly used, to violate the Act. Simply intending to deliver a part of the fetus into the vagina, as part of the abortion procedure, while the fetus is till intact and living, is enough. The Act's ban encompasses more than just the D&X procedure, and the scienter requirement cannot save it.

IV.

For the foregoing reasons, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.